**GENERAL STAR INDEMNITY COMPANY, Plaintiff**

**v.**

**VIRGIN ISLANDS PORT AUTHORITY, Defendant**

GENERAL STAR INDEMNITY CO. v. VIRGIN ISLANDS PORT AUTH.

Civil No. 2001/0188

District Court of the Virgin Islands

Division of St. Croix

October 15, 2004

CANNON, *U.S. Magistrate Judge*

## ORDER DENYING PROPOSED INTERVENORS'
## MOTION TO INTERVENE

(October 15, 2004)

THIS MATTER came before the Court upon Proposed Intervenors' Motion to Intervene (Docket No. 36). Plaintiff, General Star Indemnity Company, filed a Response thereto, and Proposed Intervenors filed a Reply. Plaintiff then moved for leave to file a Sur-Reply, which the Court allowed.

Plaintiff filed this action to determine its duty to defend and/or indemnify Defendant, Virgin Islands Port Authority (VIPA), in a separate suit brought against Defendant by Proposed Intervenors. Proposed Intervenors seek to intervene in the above-captioned matter to protect any interest they have or may have in the insurance policy at issue. Plaintiff opposes Proposed Intervenors' Motion based upon alleged untimeliness, insufficient protectable interest in the litigation, and adequate representation of any interest they have or may have by Defendant.

## DISCUSSION

■ Proposed Intervenors bring their Motion to Intervene pursuant to FED. R. CIV. P. 24(a)(2).[1] Motion at 4. That rule provides, in relevant part:

> Upon timely application anyone shall be permitted to intervene in an action: ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

FED. R. CIV. P. 24(a)(2). It follows, then, that the four-part test for determining intervention of right includes: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *Brody v. Spang*, 957 F.2d 1108, 1115 (3d Cir. 1992) (citing *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987)). As Proposed Intervenors correctly note, Motion at 4, each of the four requirements "must be met to intervene as of right." *Harris*, 820 F.2d at 596 (citations omitted).

---

[1] Subsection (a) of Rule 24 governs "intervention of right." Subsection (b) of Rule 24 regulates "permissive intervention." Proposed Intervenors cite only subsection (a) in support of their Motion. Consequently, the Court will not consider whether permissive intervention may be appropriate.

## I. Timeliness

It is true that the "mere lapse of time by itself does not make an application [to intervene] untimely," CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND MARY KAY KANE, 7C FEDERAL PRACTICE & PROCEDURE CIVIL 2D § 1916 (1986). In this jurisdiction, timeliness is "measured from the point at which the applicant knew, or should have known, of the risk to its rights." *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1183 (3d Cir. 1994) (cited in *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 33 V.I. 311, 326, 72 F.3d 361, 370 (3d Cir. 1995)). Moreover, "the point at which the applicant should have known its rights were at risk is usually a factual determination." *Alcan Aluminum*, 25 F.3d at 1183.

Proposed Intervenors claim they "learned of the above-captioned action only after the filing of the Second Amended Complaint." Motion at 6. Despite Proposed Intervenors purported lack of knowledge of the pendency of this particular action, they certainly knew their rights may be at risk when they received a copy of the insurer's letter regarding denial of coverage/reservation of rights that was produced to them by Defendant on or about October 15, 2001. Response at 7.[2] In fact, as revealed by the affidavit of Andrew C. Simpson, Esq., counsel for VIPA in the underlying suit brought by Proposed Intervenors against VIPA, the pendency of the above-captioned matter was discussed "during a number of pretrial conferences held with former Magistrate Jeffrey Resnick in connection with Antoine v. Virgin Islands Port Authority ... ." Sur-Reply, Ex. 1 at ¶ 4. Since counsel for Proposed Intervenors is also counsel for the same individuals as the plaintiffs in their underlying suit against VIPA, said counsel would have been present at said pre-trial conferences. Even if knowledge cannot be ascribed to Proposed Intervenors as early as 2001, such knowledge most assuredly can be found to have been obtained by January 23, 2003. On said date, counsel for Proposed Intervenors was present at a settlement conference, in her capacity as counsel for the same individuals as plaintiffs against VIPA, wherein Attorney Simpson informed the judge in that matter, Hon. Stanley S. Brotman, that settlement in that suit was premature until the above-captioned matter was resolved. Sur-Reply, Ex. 1 at ¶ 7. Thus, based upon the facts presented by Plaintiff, the Court finds that Proposed Intervenors

---

[2]    Proposed Intervenors attach a copy of this very letter to their Motion as Exhibit 6.

knew or should have known about any risk to their rights no later than January 23, 2003. In light of this finding, the Court further finds that Proposed Intervenors' statement that they "learned of the above-captioned action only after the filing of the Second Amended Complaint" and that they moved to intervene "as soon as possible after learning of this action," disingenuous, at the very least. Proposed Intervenors did not file their Motion to Intervene until June 17, 2004, almost eighteen (18) months after they knew or should have known that their rights may be at risk. Consequently, the Court determines that the Motion to Intervene is untimely.[3]

## II. Sufficient Interest in the Litgation[4]

■ It is well-established that intervention of right may be granted only upon a showing of a significant, legally protectable, and direct interest in the litigation. *See, e.g., Harris*, 820 F.2d at 596 (citations omitted). It also has been established that a "purely economic interest in the outcome of the litigation is insufficient to support a motion to intervene." *Alcan Aluminum*, 25 F.3d at 1185 (quoted in *Mountain Top Condo. Ass'n*, 33 V.I. at 319, 72 F.3d at 366).

■ Proposed Intervenors vigorously defend their motion by arguing that the insurance policy at issue in the matter at bar is a "specific fund" sufficient to allow intervention. The Court disagrees. Although identification of an interest in a specific fund has been determined sufficient to allow intervention, *see, e.g., Mountain Top Condo. Ass'n*, 33 V.I. at 319, 72 F.3d at 366, an actual fund must exist.[5] In reversing the district court, the Third Circuit in *Mountain Top Cond. Ass'n* stated, "If

---

[3] Although Proposed Intervenors argue, and the Court agrees, that allowing intervention would not unduly prejudice the parties, the Court finds that Proposed Intervenors *unexplained* delay is enough to find the motion untimely. *See, e.g., Richard C. ex rel. Kathy B. v. Houstoun*, 196 F.R.D. 288, 293, 295 (W.D. Pa. 1999).

[4] Even though the Court has found that Proposed Intervenors' application to intervene is untimely, the Court will consider the other factors because " a very strong showing that one of the requirements is met may result in requiring a lesser showing of another requirement." *Continental Casualty Co. v. SSM Group, Inc.*, 1995 U.S. Dist. LEXIS 9739, Civil No. 94-7789 (E.D. Pa. July 13, 1995) (quoting *Harris v. Pernsley*, 820 F.2d 592, 596 n.6 (3d Cir. 1987)).

[5] In *Mountain Top Cond. Ass'n*, the fund consisted of insurance proceeds that already had been disbursed by the insurance company to the condominium association which was holding it in trust for the individual condomium owners. 33 V.I. at 320, 72 F.3d at 367.

the appellants' *only* interest in the present case was to ensure that the MTCA would have sufficient resources to satisfy any judgment they may be able to obtain in the territorial court action, the district court's reasoning and conclusion would be sound." (emphasis added)). Proposed Intervenors' *only* interest in the matter at bar is to ensure that VIPA has sufficient resources to satisfy any judgment Proposed Intervenors may be able to obtain in the underlying suit against VIPA. Accordingly, the Court finds that Proposed Intervenors have asserted a purely economic interest.

Proposed Intervenors attempt to counter Plaintiff's argument that any interest they have or may have is contingent, and not a direct interest, by citing to certain cases in which various courts have allowed intervention prior to intervenors receiving judgment in their favor. Each of the cases upon which Proposed Intervenors relies can be amply distinguished from the case at bar, and Plaintiff does so in its Sur-Reply. Sur-Reply at 3-5. Moreover, and more importantly, this jurisdiction has not definitively decided this issue. *Lexington Ins. Co. v. Coleco, Inc.*, 2003 U.S. Dist. LEXIS 1318, Civil No. 01-5196 (E.D. Pa. Jan. 25, 2003) (where the court acknowledges that the "Third Circuit Court of Appeals has not directly addressed the issue"). At the same time, however, courts in this circuit that have been confronted with the issue "have consistently held that intervention pursuant to Rule 24(a)(2) is inappropriate where the proposed intervenor's interest is contingent upon prevailing on a tort claim in a separate action." *Id.* (citing *Continental Casualty Co. v. SSM Group, Inc.*, 1995 U.S. Dist. LEXIS 9739, Civil No. 94-7789 (E.D. Pa. July 13, 1995) and *Liberty Mutual Ins. Co. v. Pacific Indemnity Co.*, 76 F.R.D. 656, 658-59 (W.D. Pa. 1977)). Proposed Intervenors cannot deny that any interest they have or may have in this matter is purely contingent upon a favorable judgment in their underlying suit against VIPA. The Court finds that such a contingent interest is insufficient to sustain intervention of right.

### III. Inadequate representation[6]

██ The Court accepts the principle that the "burden of making the showing [of inadequate representation] should be treated as minimal," Motion at 8 (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10, 30 L. Ed. 2d 686, 92 S. Ct. 630 (1972)). However, as Proposed Intervenors themselves quote, "'The most important factor in determineing adequacy of representation is how the interest of the absentee compares with the interest of the present parties. **If the interest of the absentee is not represented at all, or if all existing parties are adverse to him, then he is not adequately represented.**'" Motion at 8 (quoting *Mountain Top Condo. Ass'n*, 72 F.3d at 368) (emphasis added by Proposed Intervenors). Arguably, VIPA, the insured and the defendant in this action, represents Proposed Intervenors' interests. Therefore, Proposed Intervenors cannot show that their interests are "not represented at all." Additionally, Proposed Intervenors have not shown, nor do they even contend, that VIPA is adverse to them. In this case, Proposed Intervenors simply have asserted that VIPA may not "vigorously oppose" Plaintiff's position. Reply at 4. Contrary to Proposed Intervenors' declaration, the Court finds that Proposed Intervenors' and VIPA's interests are identical, to wit: to ensure that the policy at issue provides coverage for any losses claimed by VIPA and Proposed Intervenors. *See, e.g., In re HealthSouth Corp. Ins. Litigation*, 219 F.R.D. 688, 693 (N.D. Ala. 2004) (where the court found identical interests between the movants and the insureds in insurances cases, namely, "to ensure that the coverages are not rescinded and that the policies provide coverage for any losses movants and insureds claim may be covered"). Because any interest Proposed Intervenors have or may have is identical to VIPA's, "there must be a concrete showing of circumstances in the particular case that make the representation inadequate." CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND MARY KAY KANE, 7C FEDERAL PRACTICE & PROCEDURE CIVIL 2D § 1909 (1986). Here, Proposed Intervenors have failed to make such a showing. As a result, the Court is compelled to find that representation of

---

[6] The Court does not need to address the third element, whether applicant's interest may be affected or impaired by the disposition of the action, at this time because it bases it's decision on the other three elements and because, if a sufficient interest were to be found, then such interest could be affected or impaired.

Proposed Intervenors is adequate and that Proposed Intervenors are not entitled to intervene as of right.

## CONCLUSION

Because the Proposed Intervenors waited over eighteen (18) months after they knew or should have known about the pendency of this litigation and have not provided any reasons for their delay, Proposed Intervenors' Motion to Intervene is untimely. In addition, because the Proposed Intervenors purported interest in the action concerns the availability of funds to fulfill any judgment they may receive in their underlying action against VIPA, any such interest is both purely economic and contingent. As such, Proposed Intervenors' interest in the litigation is not direct, substantial, or legally protectable. Finally, Proposed Intervenors have utterly failed to show how their interests are not adequately protected by VIPA. Consequently, Proposed Intervenors have not established the requisites for intervening as of right pursuant to FED. R. CIV. P. 24(a)(2).

WHEREFORE, based upon the foregoing, it is now hereby ORDERED that Proposed Intervenors' Motion to Intervene (Docket No. 36) is DENIED.